# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Kenneth E. McMurray, on behalf of himself ) and all others similarly situated, ) ) Plaintiff, ) ) v. ) ) LRJ Restaurants, Inc., McDonald's ) Corporation, Laetitia M. Johnson, and ) Robert Johnson, ) ) Defendants. ) ) | C.A. No. 4:10-cv-01435-JMC  **ORDER AND OPINION** |

This matter is before the court on Defendants LRJ Restaurants, Inc., McDonald's Corporation, Laetitia M. Johnson, and Robert Johnson's ("Defendants") Motion to Dismiss Plaintiff Kenneth E. McMurray's first cause of action for violation of the South Carolina Payment of Wages Act ("Wage Act") because it asserts rights and seeks remedies available under the Fair Labor Standards Act ("FLSA") [Docs. # 6, 35].

## FACTUAL BACKGROUND[1]

Defendant LRJ Restaurants, Inc. ("LRJ"), owns and operates Defendant McDonald's Corporation ("McDonald's") restaurant franchise in Lake City, South Carolina. Defendants Laetitia M. Johnson and Robert Johnson ("the Johnson's") are officers of LRJ. McMurray began working for LRJ at its Lake City restaurant in October 2009 as a non-exempt employee earning $7.25 per hour.

---

[1] This factual recitation is taken from Defendants' Motion to Dismiss [Doc. # 35] which Plaintiff concedes is acceptable for the purposes of the pending motions.

1

McMurray claims that Defendants failed to pay him two $0.50 raises he had allegedly been promised upon being promoted to shift manager in December 2009. McMurray further claims that he and a class of similarly-situated employees were not paid for time they were required to work "off the clock" and were not paid overtime for hours worked in excess of forty during a workweek.

McMurray asserts causes of action under the Wage Act and FLSA. He proposes to bring the claims as a class action under Rule 23 of the South Carolina Rules of Civil Procedure.

Defendants jointly removed the case to this Court on June 2, 2010, on the basis of federal question jurisdiction.

## LEGAL STANDARD

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a

2

defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc*., 95 F.3d 325, 327 (4th Cir.1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

Defendants assert that Plaintiff's first cause of action under the Wage Act fails to state a claim upon which relief can be granted because it seeks remedies available under the FLSA. Specifically, Plaintiff seeks to obtain damages for Defendants' failure to pay raises, over-time wages, and wages not paid due to work performed "off the clock."

The FLSA provides the exclusive remedial scheme to address employees' rights to be paid a minimum wage for hours worked and to be paid overtime for all hours worked in excess of forty in a given workweek. *See* 29 U.S.C. §§ 206(a), 207(a); *Anderson v. Sara Lee Corp*., 508 F.3d 181, 194 (4th Cir. 2007) ("Congress prescribed exclusive remedies in the FLSA for violations of its mandates."). To the extent that Plaintiff seeks compensation under the Wage Act for overtime pay otherwise required by the FLSA or alleges that he received less than the federal minimum wage as

a result of Defendants' failure to pay him for all hours worked, *Anderson* clearly provides that these claims are preempted by the FLSA and must be dismissed. However, in this case, Plaintiff is also seeking redress for Defendants' alleged failure to honor agreements to pay wages which may be in excess of minimum wage and failure to pay wages when due. These claims are separate and distinct from Plaintiff's FLSA claims. Accordingly, they are not preempted by the FLSA. *See Nimmons v. RBC Ins. Holdings (USA) Inc*., 2007 WL 4571179 (D.S.C. 2007) (dismissing only those claims alleging failure to pay overtime due under the FLSA under a preemption analysis).

Based on the foregoing reasons, Defendants' Motions to Dismiss [Docs. # 6, 35] are **DENIED**.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

January 26, 2011
Greenville, South Carolina